## RAY v. SEITZ.

In view of the evidence appearing in the record, there was no abuse of discretion in granting the motion to reinstate this case.

Submitted December 16, 1898. — Decided February 11, 1899.

Levy and claim.    Before Judge Lumpkin.    Fulton superior court.    March term, 1898.

*Lavender R. Ray*, for plaintiff in error.
*Charles A. Read* and *Arnold & Arnold*, contra.

LUMPKIN, P. J.    A case was pending in the trial court wherein Seitz was the plaintiff in execution and Ray the claimant.    It came on to be heard, and the levy was dismissed for want of prosecution.    On the next day the trial judge entered an order reinstating the case, and this is complained of as error.    An examination of the evidence introduced at the hearing of the motion to reinstate fully satisfies us that there was no abuse of discretion in granting the order to which exception is taken.    Mr. Reuben R. Arnold, one of the attorneys for the plaintiff in execution, who had special charge of the case, was in attendance upon the Supreme Court on the day the levy was dismissed.    His name did not appear on the docket as one of the counsel in the case, and consequently a brother attorney, Mr. Harvey Hill, whom he had requested to have his cases checked on account of his absence in the Supreme Court, did not know, when this particular case was called, that it was one he was expected to request the judge to pass.    The only flaw in Mr. Arnold's showing for a reinstatement was his failure to have his name marked on the docket as counsel for Seitz, or else to inform Mr. Hill that this was one of his cases.    There was, however, evidence tending to show that counsel for the claimant knew of Mr. Arnold's employment in the case and of his absence in the Supreme Court, but did not call the attention of the court to these facts.    We therefore think the trial judge very properly allowed the case to be reinstated.    No substantial right was lost to the claimant, for the dismissal of the levy could not operate as an adjudication upon the merits of the case.    If the dismissal had stood, the plaintiff would doubtless have caused another levy to be made, and this in

turn would have given rise to another claim. Nothing, therefore, is involved except questions of cost and delay, and these have been eliminated by allowing the present claim case to proceed to hearing without more ado.

　　　　　*Judgment affirmed.　All the Justices concurring.*